## NORTHWEST OHIO PROPERTIES, LTD., Plaintiff–Appellant,

v.

## LUCAS COUNTY; OHIO, Watermark Properties, Ltd. V; Gulfstream Development, Ltd.; Gulfstream Development, Ltd. II; Waterside Sylvania, LLC; Ankney Enterprises, Inc.; John Does 1–30, Defendants–Appellees.

### No. 15–3865.

United States Court of Appeals, Sixth Circuit.

March 21, 2016.

Marvin A. Robon, Barkan & Robon, Maumee, OH, for Plaintiff–Appellant.

John A. Borell, Sr., Assistant Prosecuting Attorney, Kevin A. Pituch, Office of the Prosecuting Attorney, Toledo, OH, John J. McHugh, III, McHugh & Mccarthy, Sylvania, OH, for Defendant–Appellee.

Before: KETHLEDGE, DONALD, and ROTH,* Circuit Judges.

---

* The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals

KETHLEDGE, Circuit Judge.

Northwest Ohio Properties sued Lucas County, Ohio under 42 U.S.C. § 1983, claiming that the County violated Northwest's Fifth and Fourteenth Amendment rights by taking a sewage easement across its land. Northwest also asserted various state-law tort claims against the County and other defendants. The district court dismissed the § 1983 claim and declined to exercise jurisdiction over the state-law claims. We affirm.

Northwest owns 61 acres of land in Lucas County. According to Northwest's complaint, in 2006 Northwest agreed to give Watermark Properties (a real-estate development company) and Ankney Enterprises (the company that operated Watermark) an easement for a sewage line across Northwest's land. The sewage line would service a nearby housing development planned by Watermark. In exchange, Watermark and Ankney agreed to give Northwest two free access points to the sewage line.

Lucas County approved the planned line and oversaw its construction. The line was completed in 2007, but without any access points for Northwest. Watermark was placed into receivership in 2009. The County then took over operation of the sewage line, collecting sewage fees from the residents of Watermark's development. But the County refused to grant Northwest the free access points that Watermark and Ankney had promised Northwest. To date Northwest has not been compensated in any way for the sewage-line easement.

Northwest thereafter brought this lawsuit, asserting a takings claim under § 1983 and other claims under state law. We review de novo the district court's

for the Third Circuit, sitting by designation.

dismissal of Northwest's claims. *Mokdad v. Lynch*, 804 F.3d 807, 810 (6th Cir.2015).

The Fifth Amendment's Takings Clause prohibits the federal government from taking private property for public use without just compensation. U.S. Const. amend. V. The Clause applies to state governments through the Fourteenth Amendment. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001).

A governmental body can violate the Takings Clause in two ways. The first is when it takes private property for a public purpose without just compensation. *See Kelo v. City of New London*, 545 U.S. 469, 477, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005). To assert this kind of takings claim against a state or local government, the plaintiff must first exhaust any compensation remedies available under state law. *Vill. of Maineville, Ohio v. Hamilton Twp. Bd. of Trs.*, 726 F.3d 762, 765 (6th Cir.2013). Here, Northwest itself argues that it never asserted this kind of takings claim. Thus, we move on to the second kind, which occurs when a governmental body takes private property for a private purpose. *See Kelo*, 545 U.S. at 477–78, 125 S.Ct. 2655. A plaintiff making this claim against a state or local government can proceed directly to federal court because the gravamen of the claim concerns whether the taking had a public purpose, not whether the plaintiff received just compensation. *See Montgomery v. Carter Cty.*, 226 F.3d 758, 768 (6th Cir.2000).

A taking is for a private purpose only if it lacks any "rational connection to a minimally plausible conception of the public interest." *Id.* Here, Northwest cites no case law in support of its argument that its complaint states a claim on this ground. Instead, Northwest merely asserts that the sewage line benefitted the developer

that built the development. But "the government's pursuit of a public purpose will often benefit individual private parties." *Kelo*, 545 U.S. at 485, 125 S.Ct. 2655. And the provision of sewer rather than septic service to the County's residents is a minimally plausible public purpose. *See Key Prop. Grp., LLC v. City of Milford,* 995 A.2d 147, 152 (Del.2010); *Robinson v. City of Ashdown,* 301 Ark. 226, 783 S.W.2d 53, 56 (1990).

The district court's judgment is affirmed.